## Geissinger's Appeal.

One who holds a confession of judgment nominally as his own, but really for the benefit of a third person, creditor of the judgment debtor, will not be permitted in equity to satisfy the judgment of record, against the consent of the one for whose benefit it is held.

(Decided March 8, 1886.)

Certiorari sur appeal from a decree of the Common Pleas of Lehigh County allowing a claim against a debtor's estate upon the distribution of the proceeds thereof derived by sheriff's sale. Affirmed.

NOTE.—The court has power to strike off the satisfaction of judgments made through mistake or by fraud. McKinney v. Fritz, 2 W. N. C. 173; Sullivan v. Gorsline, 17 Pa. Co. Ct. 205; Bowman v. Forney, 15 Pa. Co. Ct. 134; Philadelphia v. Simon, 12 Pa. Super. Ct. 159; Delta Bldg. & L. Asso. v. McClune, 6 Pa. Dist. R. 569. But the judgment should be reinstated only for the amount due. Delta Bldg. & L. Asso. v. McClune, 6 Pa. Dist. R. 569.

In 1876 Abraham Geissinger and Jacob Anstett were engaged in carrying on the lumber business at Coopersburg, Lehigh county, Pennsylvania, and in the course of their business had notes discounted by the Union National Bank of Souderton, upon which Reuben B. Sell was the accommodation indorser.

In 1876 or 1877 Anstett retired from the business, which was then continued by Geissinger, he obtaining control of the firm assets and assuming the payment of the firm debts, if there should be sufficient assets for that purpose, and if not, then the debts should be paid by them jointly. Upon the notes so discounted for them by the bank, payments were made at different times, and renewals given, with Sell as indorser.

On the 30th of January, 1878, the bank discounted for Sell a note for $2,000, at sixty days, upon which Geissinger was the accommodation indorser. This note was renewed from time to time, until April 12, 1879, when it was protested for nonpayment, and is now held unpaid by the bank. About the same time, in April, 1879, the notes of Geissinger and of Geissinger and Anstett, above mentioned, with Sell as the indorser, were also protested for nonpayment, and are now held unpaid by the bank. The bank, therefore, in March and April, 1879, held matured papers of Geissinger indorsed by Sell, amounting to $8,725, and paper of Sell, indorsed by Geissinger, amounting to $2,000.

On February 8, 1879, Geissinger executed and delivered a judgment note to Sell for $6,000, as collateral security, to secure any losses which he might sustain as indorser of the above notes, which was entered of record in the court of common pleas of Lehigh county on the 21st of February.

On the 17th of March following Sell executed and delivered mortgages and judgments to different parties, aggregating $6,317.10, all of which were entered of record against him on that day. On the following day he confessed a judgment in favor of the Souderton bank for $4,200, thus making this judg-

---

An appeal from such order can be treated only as a certiorari, and the record alone examined. Rand v. King, 134 Pa. 641, 19 Atl. 806; Whitesell v. Peck, 165 Pa. 571, 30 Atl. 933; Gilmore v. Dunleavy, 6 Pa. Super. Ct. 603. Philadelphia v. Simon, 12 Pa. Super. Ct. 159, would seem to hold that such a proceeding cannot be reviewed on certiorari, as the judgment is not a final one; but it does not appear in the case that a judgment had been entered on the tax lien which was satisfied.

ment subsequent to the liens above mentioned, as well as to a. judgment of $1,400 entered in 1875.

On the 25th of March, 1879, Abraham Geissinger executed and delivered a judgment for $2,000 to John Geissinger, in trust for his wife Mary Geissinger, which was entered the same day in the court of common pleas of Lehigh county. On the 26th day of March, 1879, he confessed other judgments to relatives of his, amounting altogether to $2,600, all of which were subsequently assigned to his wife. Upon the judgment of his wife, execution was issued April 14, 1879, and $1,336.15 realized from the sale of Geissinger's personal property.

After covering his property with liens to a greater extent than its value, Sell offered by three letters, under dates of March 18, 20, and 25, 1879, to the Union National Bank of Souderton, to transfer to it the $6,000 judgment confessed in his favor by Geissinger, if the bank would relieve him from his liability as indorser upon the latter's note. He also offered the bank a first mortgage upon his own real estate for $2,000, for his own debt. Neither of these propositions was accepted by the bank, and because of its refusal he then confessed judgment to his other creditors, and postponed the bank to all of them, giving it a lien which was practically worthless, and on the 27th of March, 1879, he assigned the $6,000 judgment held by him to Geissinger, without securing any consideration from the latter; and Geissinger satisfied the same of record on the first of April, 1879.

On April 24, 1879, the bank filed a bill in equity, praying that the entry of satisfaction of this judgment be stricken off, and the judgment reinstated to its use. The master reported favorably to the decree prayed for, and this report was sustained by the common pleas.

April 1, 1881, the real estate of Geissinger was sold at sheriff's sale to Mary Geissinger for $1,825. She claimed to be the first-lien creditor and to have the right to receipt to the sheriff for the purchase money. The sheriff made a special return, and an auditor was appointed to report facts and make distribution. Subsequently the purchase money was paid into court, and the auditor ordered to make distribution.

The auditor found that the conduct of both Sell and Geissinger in the matter was conclusive of the fact that they intended to, and actually did, perpetrate a fraud upon the rights

of the Union National Bank by releasing this judgment; that the Union National Bank of Souderton had an equitable right of substitution to all the rights of Reuben B. Sell upon this judgment of $6,000 confessed by Geissinger, to secure him against liability upon notes. And, inasmuch as the judgment was reinstated, he reported that that judgment was a first lien upon the property, although Mary Geissinger was not a party to the proceedings by which it was reinstated, and awarded the fund to the bank.

This report was confirmed by the court, and Mary Geissinger appealed to this court.

*John Rupp,* for appellant.—The appellant is not bound by the decree annulling the satisfaction of the judgment. She was not a party to it, had no notice thereof, and never had a day in court.

Mr. Justice THOMPSON said, in Morrison v. Mullin, 34 Pa. 12, that "it contravenes the first principles of justice to hold a man bound by a judgment against which he has neither an opportunity to defend nor notice in any way that he was to be directly involved in its consequences."

In general no one is bound, unless he was either a party or privy to the adjudication. Chandler's Appeal, 100 Pa. 262. See Giltinan v. Strong, 64 Pa. 242; Kramph v. Hatz, 52 Pa. 525; Mitchell v. Stewart, 13 Serg. & R. 295.

Appellant had nothing to do with the satisfaction of the judgment, and it cannot now be reinstated or treated as reinstated, to the prejudice of her rights. Courts never allow amendments of their records to the prejudice of the rights of others.

Equity will not interfere to the prejudice of the rights of third persons. Wallace's Estate, 59 Pa. 401.

Where the equities of the parties are equal, the court will not interfere. Ibid.; Gring's Appeal, 89 Pa. 336.

The court in which a judgment is entered may allow an amendment of the record as between the parties themselves, but this cannot be done so as to affect the rights of a subsequent judgment creditor, mortgagee, or purchaser. Crutcher v. Com. 6 Whart. 340; Smith v. Hood, 25 Pa. 218, 64 Am. Dec. 692; Zimmerman v. Briggans, 5 Watts, 186.

Amendments should not be allowed so as to deprive the opposite party of any rights. Kaul v. Lawrence, 73 Pa. 410; Leeds v. Lockwood, 84 Pa. 70; Kille v. Ege, 82 Pa. 102.

No amendments can be allowed, the effect of which is either to introduce a new cause of action, to deprive the opposite party of any valuable rights, or injuriously to affect intervening rights of third persons.    Duffey v. Houtz, 105 Pa. 96.

*Edward Harvey*, for appellee.—When the findings of an auditor are approved by the court below, they will not be disturbed on appeal, except for flagrant error.    Burrough's Appeal, 26 Pa. 264; Mellon's Appeal, 32 Pa. 121; Chew's Appeal, 45 Pa. 228.

If an entry of satisfaction be made upon the record by mistake, by fraud, or by falsely personating the plaintiff, the court where the record is has an undoubted right, upon proof of the facts, on notice to the parties, to strike off such improper entry; and such decision is not subject to review on a writ of error. Murphy v. Flood, 2 Grant Cas. 411.

A decree may be impeached for fraud, and this may be established by parol.    Mitchell v. Kintzer, 5 Pa. 216, 47 Am. Dec. 408; Reeside v. Reeside, 6 Phila. 507; Barnesly v. Powel, 1 Ves. Sr. 120; Richmond v. Tayleur, 1 P. Wms. 737; Sheldon v. Fortescue, 3 P. Wms. 111; Reigal v. Wood, 1 Johns. Ch. 402; Bowen v. Evans, 2 H. L. Cas. 281; McClurg v. Wilson, 43 Pa. 439; Birne v. Hartpole, 5 Bro. P. C. 197; Johnson's Appeal, 9 Pa. 416; Perkins v. Kershaw, 1 Hill, Eq. 344, 351; Crouthamel v. Silberman, 1 W. N. C. 131; Harner's Appeal, 94 Pa. 489.

The security for a debt, in whose hands soever it may be, is a fund held in trust for the payment of such debt; if it is in the hands of the surety the creditor may resort to it for the satisfaction of his debt.    New London Bank v. Lee, 11 Conn. 112, 27 Am. Dec. 713; Homer v. Savings Bank, 7 Conn. 478; Brandt, Suretyship, § 283, p. 382.

After a trust of this kind has been created, it cannot usually be defeated without the consent of all parties in interest, unless it be by a conveyance to a bona fide purchaser without notice. Brandt, Suretyship, § 282, p. 381; Ross v. Wilson, 7 Smedes & M. 753; Carpenter v. Bowen, 42 Miss. 28.    See Eastman v. Foster, 8 Met. 19; Ten Eyck v. Holmes, 3 Sandf. Ch. 428; 1 Lead. Cas. Eq. 175; Bank of Auburn v. Throop, 18 Johns. 505; Kramer's Appeal, 37 Pa. 71; Rice's Appeal, 79 Pa. 169; Cornwell's Appeal, 7 Watts & S. 308; Maure v. Harrison, 1 Eq. Cas.

Abr. 93; Curtis v. Tyler, 9 Paige, 432.    See also Owens v. Miller, 29 Md. 144; Seibert v. Thompson, 8 Kan. 65; Branch v. Macon & B. R. Co. 2 Woods, 385, Fed. Cas. No. 1,808; Paris v. Hulett, 26 Vt. 308.

PER CURIAM:

The auditor found as a fact that the judgment in question was assigned without consideration, and for the purpose of hindering, delaying, and preventing the bank from collecting the notes discounted by it for Sell and Geissinger.    The court confirmed the finding.    It further correctly found that, even if Sell and Geissinger did not assign for such purpose, yet, inasmuch as the judgment stood for the benefit of the bank, they lacked the power to release it, to the prejudice of the bank. There is no error in the decree.

Decree affirmed and appeal dismissed, at the costs of the appellant.